**4**

**Vane C. HESTER and Lillie Gray Porter, Appellants, v. Julian HARTRIDGE, Trustee of J. W. Hester Company, Bankrupt, Appellee.**

Circuit Court of Appeals, Fifth Circuit. October 25, 1927.

No. 4979.

Appeal from the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

Shelby Myrick, of Savannah, Ga. (Leo A. Morrissy, of Savannah, Ga., on the brief), for appellants.

Edward C. Brennan, of Savannah, Ga. (Walter C. Hartridge and Hartridge & Brennan, all of Savannah, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. The J. W. Hester Company was adjudicated bankrupt on February 16, 1926. Thereafter the trustee, appellee herein, brought suit in the District Court to recover of Lillie Gray Porter, a former employee, some $4,000 in money, alleged to be part of the assets of the bankrupt, and to have been turned over to her, within four months of bankruptcy, pursuant

to a conspiracy between her and Vane C. Hester, vice president of the bankrupt, to conceal same and to hinder, delay, and defraud the creditors of the bankrupt. It was admitted that the money was turned over to Miss Porter by Hester within four months of bankruptcy, and the identical money to the extent of $3,235 was found in her possession and sequestered. Appellants contended, however, that from time to time over a period of years Miss Porter left part of her weekly salary with Hester for safe-keeping, and had also deposited with him $500 at one time, and that without her knowledge and consent he had used it in the business of the bankrupt.

After a full hearing the District Court found against appellants, ordered the money impounded turned over to the trustee, and entered judgment against appellants for $4,000, with interest. Error is assigned to this action of the court. Without stopping to review it, it is sufficient to say that the evidence in the record fully supports the judgment of the District Court.

Error is also alleged to the allowance of an amendment to the trustee's pleading, alleging the insolvency of the Hester Company after November 1, 1925, and to the admission of certain evidence tending to contradict the testimony of Miss Porter and Hester, given before the referee in the course of the bankruptcy inquiry, which had been offered by appellee and admitted without objection. These assignments are entirely without merit. We find no error in the record.

Affirmed.